# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ERIC X. RAMBERT, | ) | |
| | ) | Civil Action No. 17 – 268 |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Magistrate Judge Lisa Pupo Lenihan |
| | ) | |
| MICHAEL OVERMYER, | ) | |
| ATTORNEY GENERAL'S OFFICE, | ) | |
| and DISTRICT ATTORNEY'S | ) | |
| OFFICE, | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

## REPORT AND RECOMMENDATION

**I.     RECOMMENDATION**

For the reasons that follow, it is respectfully recommended that the Petition for Writ of Habeas Corpus filed by Eric X. Rambert (ECF No. 3) be dismissed as a second or successive petition and that a certificate of appealability be denied.

**II.    REPORT**

   **A.  Discussion**

Before the Court is a Petition for Writ of Habeas Corpus submitted by Petitioner Eric X. Rambert ("Petitioner") pursuant to 28 U.S.C. § 2254. Petitioner seeks to challenge his 1987 state convictions of assault by a prisoner, riot and criminal conspiracy. This is at least his eighth habeas petition addressed to these charges. His first two petitions, filed at Civil Action Nos. 91-134 and 94-657, were dismissed without prejudice for failure to exhaust state court remedies. His third petition, docketed at Civil Action No. 97-1926, was addressed on its merits, was

1

dismissed, and a certificate of appealability was denied. His fourth, fifth, sixth and seventh petitions, filed at Civil Action Nos. 06-1573, 12-913, 12-1707, 14-1262 respectively, were all dismissed as second or successive petitions.

Petitioner has also been denied leave to file a second or successive habeas petition by the Third Circuit Court of Appeals on eight occasions – September 7, 2010; August 19, 2013; January 9, 2014; May 7, 2014; June 3, 2016; November 22, 2016; February 6, 2017; and April 26, 2017.

In the instant petition, Petitioner raises a Brady[1] claim that he has raised in previous habeas petitions. This time, however, he claims that he is entitled to a new trial based on the recent Third Circuit case of Dennis v. Sec'y, Pa. Dep't of Corr., 834 F.3d 263 (3d Cir. 2016) (en banc).

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") greatly restricts the power of federal courts to award relief to state prisoners who file second or successive habeas corpus applications. Tyler v. Cain, 533 U.S. 656, 661-62 (2001). If the prisoner asserts a claim that he has already presented in a previous federal habeas petition, the claim must be dismissed in all cases. 28 U.S.C. § 2244(b)(1). If the prisoner asserts a claim that was not presented in a previous petition, the claim must be dismissed unless it falls within one of two narrow exceptions. One of these exceptions is for claims predicated on newly discovered facts that call into question the accuracy of a guilty verdict. 28 U.S.C. § 2244(b)(2)(B). The other is for certain claims relying on new rules of constitutional law. 28 U.S.C. § 2244(b)(2)(A). In all instances, however, if a prisoner desires to file a second or successive section 2254 petition,

---

[1] Brady v. Maryland, 373 U.S. 83 (1963).

AEDPA requires that the petitioner first seek authorization from the Court of Appeals. 28 U.S.C. § 2244(3)(A).

The only question before the Court, then, is whether Petitioner has filed one or more prior petitions which would make this a second or successive petition for purposes of AEDPA. Petitioner's first and second habeas petitions do not count as "previous" petitions since they were dismissed on procedural grounds, and the court never reached the merits of the claims raised therein. See Christy v. Horn, 115 F.3d 201, 208 (3d Cir. 1997) (prior petition dismissed without prejudice for failure to exhaust state remedies did not count as a first petition for purposes of AEDPA, as "[t]he problems that the abuse of the writ doctrine seeks to avoid are not implicated when a petition is filed after a prior petition is dismissed for lack of exhaustion."). By contrast, Petitioner's third petition, filed at Civil Action No. 97-1926, was dismissed with prejudice and, hence, does qualify as a "first petition" for purposes of AEDPA. See Murray v. Griener, 394 F.3d 78, 81 (2d Cir. 2005) (dismissal of petition on procedural default grounds, or as untimely, or any other basis erecting permanent and incurable bar to review, qualifies as a prior petition for purposes of AEDPA).

Petitioner has already filed a "first" petition for purposes of the AEDPA, and he may not now seek habeas relief with respect to the same state court conviction unless he has first moved "in the appropriate court of appeals for an order authorizing the district court to consider the [second or subsequent] application." 18 U.S.C. § 2244(b)(3)(A). This Court cannot exercise jurisdiction here because, as a prerequisite to doing so, the plain language of AEDPA requires that Petitioner receive the authorization of the Court of Appeals. Robinson v. Johnson, 313 F.3d 128, 139 (3d Cir. 2002); United States v. Kelly, No. 97-0193, 2001 WL 1251208, at *1 (E.D. Pa July 23, 2001) ("Thus, this court is without jurisdiction to review Kelly's current petition before

3

appropriate action is taken in the Court of Appeals."). When a habeas petitioner has not secured permission to file a second or successive petition, the district court's only options are to dismiss the petition or to transfer it to the Court of Appeals. Robinson, supra. This is so since the successive inquiry must be addressed first, as it is jurisdictional in nature. "It would circumvent the intent of the gatekeeping function of § 2244 for a district court to proceed to rule on the merits of a second or successive petition or on any affirmative defense before the court of appeals has made a decision whether to let the petition for habeas corpus proceed in the district court." Id., 313 F.3d at 140.

A review of the computerized dockets of the Third Circuit Court of Appeals establishes that Petitioner has not received permission to file a second or successive petition challenging his 1987 convictions. Therefore, the petition should be dismissed as a second or successive petition.

Nevertheless, the Court notes that Petitioner has already presented to the Third Circuit Court of Appeals the claim he raises in the current habeas petition. In denying Petitioner's seventh request to file a second or successive habeas corpus petition, the Third Circuit stated:

> To the extent that Petitioner seeks leave to pursue a claim under Brady v. Maryland, 373 U.S. 83 (1963), he cannot rely on Dennis v. Sec'y, Pa. Dep't of Corr., 834 F.3d 263 (3d Cir. 2016) (en banc) to meet his burden under § 2244(b)(2)(A), because this Court's decision in that case does not represent a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court.

In re: Eric X. Rambert, 17-1002 (3d Cir. Feb. 6, 2017).

### B. Certificate of Appealability

A certificate of appealability should be denied because Petitioner has not made a substantial showing of the denial of a constitutional right or shown that jurists of reason would disagree that this is a second or successive habeas petition. See Slack v. McDaniel, 529 U.S. 473

4

(2000) (explaining standard for grant of a certificate of appealability where court does not address petition on the merits but on some procedural ground); Walker v. Government of The Virgin Island, 230 F.3d 82, 89-90 (3d Cir. 2000).

### III. **CONCLUSION**

For the foregoing reasons, it is respectfully recommended that the Petition for Writ of Habeas Corpus filed by Eric X. Rambert (ECF No. 3) be dismissed as a second or successive petition and that a certificate of appealability be denied.

In accordance with the applicable provisions of the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B)&(C), and Rule 72.D.2 of the Local Rules of Court, the parties shall have fourteen (14) days from the date of the service of this report and recommendation to file written objections thereto. Any party opposing such objections shall have fourteen (14) days from the date on which the objections are served to file its response. A party's failure to file timely objections will constitute a waiver of that party's appellate rights.

Dated: June 8, 2017.

_____
Lisa Pupo Lenihan
United States Magistrate Judge

cc: Eric X. Rambert
AM-9223
SCI Forest
P.O. Box 945
Marienville, PA 16239